Division of Tax Appeals.

IN THE MATTER OF THE APPEALS FROM THE ASSESS-
MENT AND RE-ASSESSMENT OF THE FRANCHISE TAX
LEVIED AGAINST THE DELAWARE, LACKAWANNA
AND WESTERN RAILROAD SYSTEM, IN THE STATE
OF NEW JERSEY, FOR THE YEARS 1942, 1943, 1944, 1945
AND 1946.

Decided November 25, 1947.

For Delaware, Lackawanna and Western Railroad System,
*Carpenter, Gilmour & Dwyer* (*James D. Carpenter* and *Elmer
J. Bennett,* of counsel).

For the State of New Jersey, *Walter D. Van Riper,* Attor-
ney-General, *Benjamin C. Van Tine* and *Benjamin M. Taub.*

CONKLIN, COMMISSIONER. The complaints filed by the Delaware, Lackawanna and Western Railroad System, hereinafter referred to as the Railroad, involve the assessment of the Railroad for franchise excise taxes by the Director of Taxation under authority of *Pamph. L.* 1941, *ch.* 291, as amended by *Pamph. L.* 1942, *ch.* 169; *R. S.* 54:29a–13, *et seq.; N. J. S. A.* 54:29A–13, *et seq.,* for the years of 1942, 1943, 1944, 1945 and 1946. The railroad has paid all of the taxes as assessed and re-assessed.

The appeals for the years 1942, 1943, 1944 and 1945 arise from the fact that the Director made adjustments in the assessment of the franchise taxes that increased the assessment of this railroad for the year 1942 by $233,359; for the year 1943 by $273,498; decreased the assessment $76.126.02 for the year 1944; and increased the assessment for the year 1945 by $21,085.98. The authority for the Director's actions is found under the provisions of *R. S.* 54:29A–25; *N. J. S. A.* 54:29A–25, which provides:

"a. Whenever the Commissioner shall determine that any tax or taxes assessed pursuant to this Act less than or in excess of the amount thereof lawfully assessable, he may correct such deficiency or error by re-assessing such tax, or any part thereof."

This adjustment was occasioned by the decision of the Court of Errors and Appeals in the case of *Wilentz* v. *Hendrickson,* 135 *N. J. Eq.* 244; 38 *Atl. Rep.* (*2d*) 199, wherein the court declared that chapter 290 of the Public Laws of 1941 (*R. S. App.* A:4–7.1, *et seq.; N. J. S. A.* A:4–7.1, *et seq.*), an act relating to the collection of delinquent taxes upon railroad companies and purporting to abate interest and penalties, was unconstitutional. The collection of the remitted interest on delinquent taxes of necessity caused an adjustment of the franchise excise taxes.

The railroad, for the years 1942 and 1943, in its method of bookkeeping, with the approval of the State Tax Commissioner, treated as current railroad tax accruals the past due defaulted taxes covering the years during which the Delaware, Lackawanna and Western Railroad and certain other rail-

roads resisted payment of property taxes, in determining the franchise excise tax. In the year 1944 and the year 1945, the State Tax Commissioner disallowed everything except the current taxes as deductions in arriving at his figure of the net railway operating income. The cases for the years 1944 and 1945 were appealed to this Division and we held that the State Tax Commissioner acted properly in disallowing everything except current taxes. See *In the matter of the appeals of the Delaware, Lackawanna and Western Railroad et al.*, 24 *N. J. Mis. R.* 205; 47 *Atl. Rep.* (2d) 830.

The 1946 case is entirely a new matter. The proofs offered indicate that the railroad's method of accrual of delinquent taxes for the various years was in accord with the rulings of the Interstate Commerce Commission, and further that the comptroller of the railroad had the specific approval of that body in the method of bookkeeping followed by the railroad.

It is contended by the railroad that the action of the Director in increasing the system net operating income and then levying the tax on the amount as thus increased is not authorized by the New Jersey statute; that it places an unconstitutional burden on interstate commerce; and that the adjustment made is invalid because it conflicts with the power delegated to and exercised by the Interstate Commerce Commission.

As stated by this Division in its decision in *In the matter of the appeals of the Delaware, Lackawanna and Western Railroad et al., supra:*

"The Court of Errors and Appeals has held that 'tax accruals' mean the current taxes for the particular year which have been assessed in conformity with the law; *e. g.*, the amount certified by the tax assessor, and the state is not concerned with the bookkeeping practices of the railroad companies. The statute provides that in computing the next preceding year's net railway operating revenue, there shall be deducted from the total operating revenue from all sources 'railway tax accruals,' among other items. The intent thereof is that the deduction for 'tax accruals' shall be the amount of the taxes for the year in which 'the net operating railway income' is computed."

Mr. Justice Oliphant (now Chancellor) said for the Court of Errors and Appeals in the case of *Norton* v. *State Board of Tax Appeals,* 134 *N. J. L.* 57; 45 *Atl. Rep.* (2d) 799:

"It is to be noted that as to 'tax accruals,' no reference is made in the statute to the Interstate Commerce Commission, while there is as to 'depreciation.' Whether or not taxes fixed, contingent or paid were reported to the Interstate Commerce Commission is immaterial. It matters not when or where the tax accrual items are reflected on the books of the railroad companies, what the Interstate Commerce Commission does with the items or what its rules provide with respect to railroad bookkeeping."

And further:

"We again call attention to what was said above concerning Interstate Commerce Commission permission. Neither special permission from the Interstate Commerce Commission, nor new rules nor new interpretation of old rules by that body can be given consideration in determining whether an amount may be treated as a railway tax accrual under our statutes for New Jersey franchise tax purposes. Such must be our finding, otherwise, it might be held that the act is unconstitutional."

It is contended by the railroad that the statements by the court in *Norton* v. *State Board of Tax Appeals, supra,* in regard to railway tax accruals and the Interstate Commerce Commission, are mere *dictum.* Whenever a question fairly arises in the course of a trial and there is a distinct decision of that question, the ruling of the court in respect thereto can in no just sense be called mere *dictum. Union Pacific Railroad Co.* v. *Railroad Co.,* 199 *U. S.* 160; 26 *Supr. Ct.* 19; *Florida C. R. Co.* v. *Schutte,* 103 *U. S.* 118; *New York Central and Hudson River Railroad Co.* v. *Price,* 159 *Fed. Rep.* 330.

The opinion of the court in *Norton* v. *State Board of Tax Appeals, supra,* was not mere *dictum.* If anything, it was judicial *dictum,* and should be considered by this Division in arriving at its decision. A definition of judicial *dictum* and the weight to be given to it is set out in the opinion of Chancellor Walker in the case of *Crescent Ring Co.* v.

*Travelers Indemnity Co.,* 102 *N. J. L.* 85; 132 *Atl. Rep.* 106. He stated:

"There is a decided difference between the two kinds. *Obiter dictum* is an expression of opinion by the court or judge on a collateral question not directly involved, or mere argument or illustration originating with him; while judicial *dictum* is an expression of opinion on a question directly involved, argued by counsel and deliberately passed on by the court, although not necessary to a decision. While neither is binding as a decision, judicial *dictum* is entitled to much greater weight than the other and should not be lightly disregarded. *In re Chadwick's Will,* 80 *N. J. Eq.* 168; 82 *Atl. Rep.* 918. The observation of the learned Chief Justice in *Kennedy* v. *McKay* (43 *N. J. L.* 288), was on a question present in the pleading and proofs in the case, and, although not necessary to the decision of the cause, was, nevertheless, judicial dictum by a judge of the highest order of ability, and should, therefore, be given the weightiest effect."

Thus, we conclude that the method used by the Director of Taxation in figuring the railway tax accruals, though not in accord with the regulation of the Interstate Commerce Commission, was in accord with the statutes of the State of New Jersey, and the decisions of our courts.

The regulation or supervision by the Interstate Commerce Commission is solely for the purpose of the work of the Interstate Commerce Commission, and is not binding on the Director of Taxation of the State of New Jersey, any more than it is on the Bureau of Internal Revenue of the United States Government. It would be tenuous to argue that the legislature delegated its power to tax to the Interstate Commerce Commission.

The assessments as re-assessed by the Director of Taxation are found to be correct and the appeals of the Delaware, Lackawanna and Western Railroad System for the years 1942, 1943, 1944, 1945 and 1946 from the franchise excise tax levied against it are hereby dismissed.

Judgments accordingly.